IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIJAH BANKS, JR.,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Mia Banks, deceased<br>15197 Valley Stream Drive<br>Woodbridge, Virginia 22919<br><br>and<br><br>MINNIE BANKS,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Mia Banks, deceased<br>3114 Brightseat Road<br>Landover, Maryland 20785<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, D.C. 20001<br><br>　　　　　　Defendant. | CASE NO. _____ |

## NOTICE OF REMOVAL

Comes now the Defendant, pursuant to 28 U.S.C. §1441(a), 28 U.S.C. §1446, and D.C. Code Ann. §9-1107.01(81) (2001), and gives notice that the instant action is removed from the Superior Court of the District of Columbia to this Court. The removal is based upon the following grounds:

1.　　On November 20, 2006, the Plaintiffs filed a Complaint against the

Defendant in the civil division of the Superior Court of the District of Columbia.  A copy of the Complaint in that action, <u>Elijah Banks and Minnie Banks v. WMATA</u>, 2006 CA 008401 B,  and the Superior Court's Initial Order in that case are attached hereto as "A."

2. The Defendant was served with process on November 20, 2006.

3. This is a civil action in which this Court has original jurisdiction under the WMATA Compact, Public Law  89-774, paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at D.C. Code 9-1107.01, Section 81, which provides:

> The United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority and to enforce subpoenas issued under this Title.  Any such action initiated in a State Court shall be removable to the appropriate Untied States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).

Respectfully submitted,

Carol O'Keeffe, # 036293
General Counsel

Mark F. Sullivan, # 430876
Deputy General Counsel

_Kathleen A. Carey_
Kathleen A. Carey, #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1463

_Jeffrey C. Seaman_
Jeffrey C. Seaman, #466509
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1856
Attorneys for Defendant WMATA

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WMATA's Notice of Removal was mailed, postage prepaid, on this 11th day of December, 2006, to:

Alexander & Cleaver, P.A.
James A. Cleaver, Esq.
Joseph P. Hart, Esq.
11414 Livingston Road
Fort Washington, MD 20744

_Kathleen A. Carey_
Kathleen A. Carey



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ELIJAH BANKS
    Vs.                                                                C.A. No.    2006 CA 008402 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

### INITIAL ORDER

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                                Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
Date:  November 20, 2006
Initial Conference: 9:00 am, Friday, February 23, 2007
Location:  Courtroom 312
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001



                                                                                                         Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

```
Elijah Banks, Jr. and MInnie Banks
as Personal Representatives
of the Estate of Mia Bank
```
*Plaintiff*

vs.                                                             Civil Action No. __00008402-06__

```
Washington Metropolitan Area Transit Authority
600 Fifth Street
Washington, D.C.           Defendant
Serve: Carol B. O'Keeffe, Esquire
General Counsel
```

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Name of Plaintiff's Attorney   Joseph P. Hart

11414 Livingston Road
Fort Washington, MD 20744
Address

By _____

301-292-3300
Telephone                                    Date   November 20, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

ELIJAH BANKS, JR., Individually and as Co-Personal
Representative of the Estate of Mia D. Banks, Deceased
15197 Valley Stream Drive
Woodbridge, Virginia 22191

and

MINNIE BANKS, Individually and as Co-Personal
Representative of the Estate of Mia D. Banks, Deceased
3114 Brightseat Road
Landover, Maryland 20785

    Plaintiffs

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street
Washington, D.C. 20001
Serve:
Carol B. O'Keeffe, Esquire
General Counsel
600 Fifth Street
Washington, D.C. 20001

    Defendant

**COMPLAINT**
(Wrongful Death and Survivorship - Auto Negligence / Negligent Hiring, Training and Supervision)

COMES NOW, Elijah Banks, Jr. and Minnie Banks, individually and as Co-Personal Representatives of the Estate of Mia D. Banks, Deceased, by and through their attorneys, James A. Cleaver and Joseph P. Hart and the law firm of Alexander & Cleaver, P.A., and respectively represents to this Court as follows:

That this Court has jurisdiction of the subject matter herein pursuant to Title 9-921, Title 16-2701 and Title 12-101 of the District of Columbia Code, 2001 Edition, as

amended.

## COUNT I
(Survivorship)

1. That the Plaintiff, Elijah Banks, Jr., is, and was at all times hereafter mentioned, domiciled in and a citizen of the Commonwealth of Virginia, residing at 15197 Valley Stream Drive, Woodbridge, Virginia 22191.

2. That the Plaintiff, Minnie Banks, is, and was at all times hereafter mentioned, domiciled in and a citizen of the State of Maryland, residing at 3114 Brightseat Road, Landover, Maryland 20785.

3. That the Plaintiffs, Elijah Banks, Jr. and Minnie Banks are the legal representatives and Co-Personal Representatives of the Estate of Mia D. Banks, who died without spouse, child or decedant on December 22, 2005.

4. The Decedent, Mia D. Banks was survived by her mother, Minnie Banks and her father, Elijah Banks, Jr. and two siblings.

5. That the Defendant, Washington Metropolitan Area Transit Authority, (hereinafter "WMATA") among other things operates buses on a fare paying basis in the area in and around the District of Columbia.

6. That on Thursday, December 22, 2005 at approximately 0855 hours (military) the Decedent, Mia D. Banks, was lawfully in the crosswalk at the intersection of 3rd Street and D Street, S.W. in the District of Columbia.

7. That on the same date and time as aforesaid, the Defendant, WMATA, through its authorized agent, servant, and or employee, Matthew

ALEXANDER & CLEAVER
ATTORNEYS AT LAW
Professional Association
FORT WASHINGTON PROFESSIONAL PARK
11414 LIVINGSTON ROAD
FORT WASHINGTON, MARYLAND 20744-5146
(301) 292-3300

Thomas Johnson, was operating a 1994 Flxible bus east on D Street at or near the intersection with 3rd Street, S.W. in the District of Columbia.

8. That at all times herein mentioned, Matthew Thomas Johnson was operating WMATA's 1994 Flxible bus in the course of his agency, employment and or servantship for WMATA and with the consent and permission of Defendant, WMATA.

9. That as the Decedant, Mia D. Banks, proceeded cautiously and lawfully in the crosswalk, she was suddenly and without warning struck by WMATA's 1994 Flxible bus then and there operated by their agent, servant and or employee, Matthew Thomas Johnson.

10. That the Defendant, WMATA, operated their vehicle in a negligent, careless and reckless manner and in violation of the traffic regulations then and there in force within the District of Columbia.

11. That it was then and there the duty of the Defendant, WMATA, to pay full time and attention to their driving, to maintain a proper lookout, to keep their vehicle under proper control, to reduce the speed of their vehicle to avoid a collision, to yield the right of way, to obey a traffic control device, to operate their vehicle safely, and to obey all the traffic regulations then and there in force within the District of Columbia.

12. That not withstanding the aforesaid duties, the Defendant, WMATA, failed to pay full time and attention to their driving, failed to maintain a proper lookout, failed to keep their vehicle under proper control, failed to reduce the speed of their vehicle to avoid a collision, failed to yield the

right of way, failed to obey a traffic control device, failed to operate their vehicle safely and failed to obey all traffic regulations then and there in force within the District of Columbia with the result that the Defendant, WMATA, caused their vehicle to strike and run over the Decendant, Mia D. Banks, who was in no wise contributorily negligent.

13. Defendant, WMATA, also had a duty to use reasonable care to select, train and supervise its bus drivers and their supervisory personnel. Defendant, WMATA, knew that Matthew Thomas Johnson would operate its motor vehicle on the streets of the District of Columbia, had a duty to conduct a hiring process to ensure candidates would be reasonably safe drivers and had a duty to train and supervise its drivers and their supervisory personnel in the safe operation of their vehicles.

14. Notwithstanding these duties, the District of Columbia failed to exercise reasonable care and was negligent and/or grossly negligent in the hiring, training and supervision of Matthew Thomas Johnson and other supervisory personnel, which was a substantial factor in causing the death of Mia D. Banks on December 22, 2005.

15. As a result of negligence and/or gross negligence of the Defendant, WMATA, the Decedent, Mia D. Banks, suffered great physical pain, shock, agony and mental anguish, and her estate and beneficiaries have been deprived of the income Decedant would have earned as well as other damages all to its determent.

WHEREFORE, the Plaintiffs, Elijah Banks, Jr. and Minnie Banks, as legal representatives and Co-Personal Representative of the Estate of Mia D. Banks, demands judgement against the Defendant, Washington Metropolitan Area Transit Authority, jointly and severally, in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## COUNT II

(Wrongful Death)

16. The Plaintiffs, Elijah Banks, Jr. and Minnie Banks, as Co-Personal Representatives of the Estate of Mia D. Banks, Decedant, adopts and realleges each and every factual allegation set forth in paragraphs 1 - 15 of Count I herein, and further alleges that they were the parents and next of kin of the Decedant, Mia D. Banks and as a result of her death caused by negligence and or gross negligence of the Defendant, the Estate has incurred expenses for last illness and funeral expenses and, as her parents, they and her siblings will be deprived of the services, maintenance and support of their daughter and sister, Mia D. Banks, and they have been and will otherwise be damaged.

WHEREFORE, the Plaintiffs, Elijah Banks, Jr. and Minnie Banks, individually and as Co-Personal Representatives of the Estate of Mia D. Banks, demands judgement against the Defendant, Washington Metropolitan Area Transit Authority, jointly and severally in the sum of TEN MILLION DOLLARS ($10,000,000.00)

ALEXANDER & CLEAVER
ATTORNEYS AT LAW
Professional Association
FORT WASHINGTON PROFESSIONAL PARK
11414 LIVINGSTON ROAD
FORT WASHINGTON, MARYLAND 20744-5146
(301) 292-3300

Respectfully submitted,

ALEXANDER & CLEAVER, P.A.

By: _____
James A. Cleaver, #382383

By: _____
Joseph P. Hart #313502
11414 Livingston Road
Fort Washington, MD 20744
301-292-3300

Plaintiffs demand a trial by jury on all issues herein.

By: _____
James A. Cleaver

ALEXANDER & CLEAVER
ATTORNEYS AT LAW
Professional Association
FORT WASHINGTON PROFESSIONAL PARK
11414 LIVINGSTON ROAD
FORT WASHINGTON, MARYLAND 20744-5146
(301) 292-3300

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Elijah Banks, Jr. and Minnie Banks, Individually and as Co-Personal Representatives of the Estate of Mia Banks, Deceased

## DEFENDANTS
Washington Metropolitan Area Transit Authority

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince William, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James A. Cleaver and Joseph Hart
Alexander & Cleaver, 1114 Livingston Rd.
Fort Washington, MD 20744
(301) 292-3300

CASE NUMBER 1:06CV02109
JUDGE: Henry H. Kennedy
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 12/12/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ◉ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ⊗ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1446; D.C. Code 9-1107.01(81) (WMATA Compact); wrongful death

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 10 million   JURY DEMAND: YES ⊗   NO ☐
Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ⊗   If yes, please complete related case form.

DATE 12/12/2006   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.