IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIJAH BANKS, JR., Individually and as Co-Personal Representative of the Estate of Mia Banks, deceased<br><br>and<br><br>MINNIE BANKS, Individually and as Co-Personal Representative of the Estate of Mia Banks, deceased<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>Defendant. | CASE NO. _____ |

## MOTION FOR PARTIAL DISMISSAL

Comes now the Defendant, Washington Metropolitan Area Transit Authority, and pursuant to Fed. R. Civ. P. 12(b)(1), move for dismissal of the Plaintiffs' claims of negligent hiring and supervision. The Defendant, an interstate compact agency, is immune from claims based upon its hiring and training of employees. Accordingly, the Court does not have jurisdiction over such claims. Please see accompanying Memorandum In Support of the Motion.

Respectfully Submitted,

_____
Kathleen A. Carey, #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1463

_____
Jeffrey C. Seaman, #466509
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1856
Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WMATA's Motion to Dismiss was mailed, postage prepaid, on this 11th day of December, 2006, to:

Alexander & Cleaver, P.A.
James A. Cleaver, Esq.
Joseph P. Hart, Esq.
11414 Livingston Road
Fort Washington, MD 20744

_____
Jeffrey C. Seaman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIJAH BANKS, JR.,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Mia Banks, deceased<br><br>and<br><br>MINNIE BANKS,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Mia Banks, deceased<br><br>    Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>    Defendant. | CASE NO. _____ |

## **MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL**

This action arises from a pedestrian / bus collision. The Plaintiffs have claimed, among other things, that WMATA was negligent in hiring, training and supervising the operator of the bus, who was a WMATA employee at the time of the incident. Complaint, ¶14. WMATA is immune from such claims, however.

Washington Metropolitan Area Transit Authority was created by an Interstate Compact, entered into by the District of Columbia, the State of

Maryland and the Commonwealth of Virginia, and approved by Congress. It is codified at D.C. Code, § 9-1107.01 (2001). The signatories to the Compact, together with Congress, have conferred their respective sovereign immunities upon WMATA. <u>Souders v. Washington Metropolitan Area Transit Authority</u>, 48 F.3d 546, 548 (D.C. Cir. 1995); <u>Morris v. WMATA</u>, 781 F.2d 218 (D.C. Cir. 1986); <u>Sanders v. WMATA</u>, 819 F.2d 1151 (D.C. Cir. 1987).

A partial waiver of WMATA's sovereign immunity is found in Section 80 of the Compact. It provides that:

> [t]he Authority shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agents committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function.

D.C. Code Ann., § 9-1107.80 (2001). This provision clearly indicates an intent to waive WMATA's immunity from suit, but only for torts committed in the conduct of a proprietary function. WMATA is immune from liability absent such waiver. WMATA has not waived this immunity for actions taken in implementing a governmental function. See <u>Dant v. District of Columbia</u>, 829 F.2d 69 (D.C. Cir. 1987); <u>Sanders</u>, 819 F.2d at 1155; <u>Morris</u>, 781 F.2d at 221; <u>Martin v. WMATA</u>, 667 F. 2d 435 (4th Cir. 1981). The hiring, training and supervision of employees are "governmental functions" for which immunity has not been waived. <u>Burkhart v. WMATA</u>, 113 F.3d 1207, 1216 – 1217 (D.C. Cir. 1997). To the extent such sovereign immunity exists, the court does not even have jurisdiction to enter

2

judgment against WMATA.  <u>Watters v. WMATA</u>, 295 F.3d 36, 39-40 (D.C. Cir. 2002).  Accordingly, the claims of negligent, hiring, training and / or supervision must be dismissed.

Respectfully Submitted,

_____
Kathleen A. Carey, #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1463

_____
Jeffrey C. Seaman, #466509
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1856
Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum was mailed, postage prepaid, on this 11th day of December, 2006, to:

Alexander & Cleaver, P.A.
James A. Cleaver, Esq.
Joseph P. Hart, Esq.
11414 Livingston Road
Fort Washington, MD 20744

_____
Jeffrey C. Seaman

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIJAH BANKS, JR.,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Mia Banks, deceased<br><br>and<br><br>MINNIE BANKS,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Mia Banks, deceased<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>Defendant. | CASE NO. _____ |

### ORDER GRANTING PARTIAL DISMISSAL

Upon Motion by the Defendant, the Court having reviewed the Response thereto,

IT IS ORDERED that the Motion is GRANTED. All claims arising from the hiring, training and/ or supervision of WMATA employees are dismissed with prejudice.

_____
Judge, U.S. District Court
for the District of Columbia